## CITY OF AUSTIN v. VALDEZ.

(Court of Civil Appeals of Texas. Austin.
Feb. 18, 1914. Rehearing Denied
March 24, 1914.)

MUNICIPAL CORPORATIONS (§ 821*) — QUESTIONS FOR JURY.

In an action against a municipality for injuries received upon a defective sidewalk, the questions of assumption of risk and contributory negligence *held* properly submitted to the jury on the evidence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

Appeal from District Court, Travis County; Chas A. Wilcox, Judge.

Action by Adelaide Valdez against the City of Austin. From a judgment for plaintiff, defendant appeals. Affirmed.

J. Bouldin Rector and A. L. Green, both of Austin, for appellant. Dickens & Dickens, of Austin, for appellee.

### Statement.

JENKINS, J. There was a ditch in Comal street, about nine feet deep, at the time appellee was injured. The banks were steep; but the earth was firm. This ditch had existed for more than 20 years, gradually washing from a depth of three or four feet to a depth of about nine feet. It has encroached upon the sidewalk until the passway left was from only one or two to three or four feet wide at the time of the accident. This passway had been used by the public, more or less, up to the time of plaintiff's injury. The appellee owned the lot at the corner of Willow and Comal streets, fronting on Willow, and running back on Comal, on which was situated a tenement house. She lived, and had lived for 25 years, on the second lot east of the corner of Comal and Willow streets. On the day that she was injured she had gone through a gate at the rear of her residence, and passed up an alley and onto Comal street, for the purpose of inspecting her property. This was her nearest and most direct route. Her daughter was with her, and in front of her. While walking along the passway by her fence, the earth gave way, and she fell into the ditch and was injured as alleged in her petition. She alleged that the negligence of appellant in permitting the ditch to become and remain in a dangerous condition was the proximate cause of her injury. The defense was assumed risk and contributory negligence. From a judgment in favor of appellee, an appeal has been perfected, and the case is before us on appellant's assignments of errors as stated in the opinion herein.

### Opinion.

Appellant assigns but two errors. One is as to the refusal of the court to instruct a verdict for the appellant, and the other is as to the refusal of the court to set aside the verdict, for the reason that the same was not supported by the evidence, in that it appears therefrom that appellee assumed the risk, and that she was guilty of contributory negligence.

It would serve no useful purpose to discuss the evidence in detail, or to state the same further than has been done in our findings of

fact herein. Suffice it to say that the evidence does not show, as a matter of law, that appellee assumed the risk, or was guilty of contributory negligence; hence the court did not err in submitting these issues to the jury, nor in refusing to set aside the verdict.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.